1  DWAYNE WILLIAM MACK,
   NATHANIEL BASOLA SOBAYO, Doing business as;
2  KINGSWAY CAPITAL PARTNERS,
   2148 UNIVERSITY AVENUE
3  EAST PALO ALTO, CA 94303.
4  Tel: (650) 323-1849.        FAX:650-228-2492
   EMAIL: Nathaniel.sobayo@gmail.com
5  PLAINTIFFS Without Attorneys PRO SE

6  OCTOBER 31st 2011.                    Court Telephone: 1-000-000-0000

7  UNITED STATES DISTRICT COURT,  NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

8  1301 CLAY STREET, SUITE 400 S, OAKLAND CALIFORNIA 94612-5212.

                                    )                    Case NO.:C11-03850 CW
9  DWAYNE WILLIAM MACK,             )
   NATHANIEL BASOLA SOBAYO,         )
10 Doing business as ;             )
   KINGSWAY CAPITAL PARTNERS,       )
                                    )
11                                  )
   Plaintiff                        )
12
                                    )        **FIRST AMENDED COMPLAINT**
13 Vs                               )
                                    )        COMPLAINT TO SET ASIDE TRUSTEE'S SALE,
                                    )                AND FOR DAMAGES
14 PNC MORTGAGE, a division of      )
                                    )    PURSUANT TO FEDERAL FAIR DEBT COLLECTIONS PRACTICES ACT
15                                  )        FDCPA ) 15 U.S.C # 1692 et seq , AND JUDGEMENT FOR QUIET TITLE
16                                             CLAIMS.
   PNC BANK,                        )
17 NATIONAL CITY MORTGAGE;          )
18 a division of                    )
   NATIONAL CITY BANK,              )
19 BANK OF AMERICA, N.A. ;          )
   BLUE MOUNTAIN HOMES, LLC,        )
20 WILL LUJAN, AS AGENT             )
21 FOR A PURPORTED OWNER.           )
   CAL-WESTERN                      )
22 RECONVEYANCE CORPORATION,        )
23 POLYMATHIC PROPERTIES, INC;
   CHARLES B. WOOD III, SBN 163146; Attorney at Law;        )
24 MATTICE LAW OFFICES,
25 AND DOES 1 THROUGH 50,           )
   INCLUSIVE,                       )
26 Defendants.                      )
27 _____)

28

                                    - 1 -
                  Complaint to set aside Trustee's Sale, and for damages

1  **FIRST AMENDED COMPLAINT**

2  **COMPLAINT TO SET ASIDE TRUSTEE'S SALE, AND FOR DAMAGES**

3

4  **PURSUANT TO FEDERAL**

   **FAIR DEBT COLLECTIONS PRACTICES ACT ( FDCPA ) 15 U.S.C # 1692 et seq .**

5

6  This lawsuit arises from: Defendants' tortuous conducts that illegally deprived Plaintiffs of their property, the right to the property, the equity in property and loss of credit. This action seeks remedies for the foregoing activities including fraud

7  perpetrated upon Plaintiffs that resulted in the devolution of title, devastation of Plaintiffs's value in their property and residence, resulting in Plaintiffs's loss of all or substantially all their net-worth. A judicial declaration is necessary and

8  appropriate at this time under the circumstances in order that the Plaintiffs may ascertain Plaintiffs's rights to ownership of the real property.

9  Plaintiffs requests a jury trial and alleges:

10      1. Plaintiffs are and at all times herein mentioned were individuals or entities residing in various Counties of , State of California, United States of America.

11      2. Plaintiffs are informed and believe that the parties listed as defendants are and at all time herein mentioned are business entities, form unknown, purport authorized to do business in the State of California, and apparently all

12        parts of the UNITED STATES OF AMERICA.

13      3. The subject of this action is certain real property situated in the County of Solano, State of California commonly known as 404 AMBER DRIVE, SUISUN CITY, CALIFORNIA 94585. ("real property") and more particularly described as follows:

14      4. ABBBREVIATED LEGAL DESCRIPTION: CITY SUISSUN ; SUBDIVISION: BLOSSOM MANOR RM BOOK 81 PAGE 65, LOT 27 CITY-MINICIPALITY-Twp: SUISUN.

15        AS RESERVED IN INSTRUMENT OF RECORD APN: 0037-351-100.

16      5. Plaintiff DWAYNE W. MACK, took a loan from NATIONAL CITY MORTGAGE, ON MAY 5, 2005, AND AND TRANSFER OWNERSHIP TO KINGSWAY CAPITAL PARTNERS, LLC, AS RECORDED ON APRIL 15, 2011 ; IN THE COUNTY OF SOLANO.

17  PROPERTY WAS LISTED AND A SALE OFFER OF $205,000.00 WAS OFFERED, BUT THE SAME OFFER WAS ILLEGALLY EVADED AND ILLEGALLY SOLD THE SAME SUBJECT PROPERTY TO ONE OF THE

18  SAME CO-CONSPIRATORS AND CO-DEFENDANTS

19  ON MORE THAN THREE SEPARATE OCCATIONS, PLAINTIFFS SENT TO THESE DEFENDANTS QUALIFIED WRITTEN REQUESTS, PURSUANT { FDCPA } AND THE "TILA" TRUTHS IN LENDING ACT

20  OF THE FEDERAL LAWS, AND THE COUNTERPART CALIFORNIA LAW "RESPA: REAL ESTATE SETTLEMENT PROCEDURE ACT , AND OTHER LAWS ALL TO NO AVAIL.

21  SIMILARLY;
    ON AUGUST 1ST, 2011 A DISPUTE PLEADING WAS SENT TO THESE PLAINTIFFS, ALLTO NO AVAIL.

22

23  **THE DISPUTE PLEADINGS ARE QUOTED IMMEDIATELY BELOW:**

24  **" Date of pleadings: AUGUST 1ST, 2011.**

25

26  **CASE NAME:**
    **DWAYNE W. MACK  VS.  PNC MORTGAGE, A DIVISION OF PNC BANK,**

27  **N.A.**
    **AND**

28

NATHANIEL BASOLA SOBAYO VS. PNC MORTGAGE, A DIVISION OF PNC BANK, N.A.

# PNC MORTGAGE LOAN NUMBER:  0005375340

CASE NUMBER: TO BE DETERMINED

DATE: MONDAY day, August 1ST  2011

Time: 8:45 A.M.

LEGAL PLEADINGS, OPPOSITIONS AND LEGAL BRIEFS
BY
DWAYNE W. MACK   VS.  PNC MORTGAGE, A DIVISION OF PNC BANK, N.A.
AND
NATHANIEL BASOLA SOBAYO VS. PNC MORTGAGE, A DIVISION OF PNC BANK, N.A.

 IN OPPOSITIONS TO
PNC MORTGAGE, A DIVISION OF PNC BANK, N.A.

MISREPRESENTATIONS OF IN THE FORECLOSURE SALE DATE AND PROCESS;  REGARDING THE SUBJECT REAL ESTATE PROPERTY
@
404 AMBER DRIVE, SUISAN CITY, CA 94585

FURTHER MORE WE ARE ASSERTING THAT
 PNC MORTGAGE, A DIVISION OF PNC BANK, N.A.
AND ANY AND ALL  THEIR PARTNERS, ASSOCIATES, AGENTS, EMPLOYEES, AND OR CO-CONSPIRATORS HAVE NO STANDING IN THIS CASE, TO HAVE BROUGHT THE INTENDED FORECLOSURE  ABOUT, AND UNLESS THEY CAN SATISFY THE COURTS AND THESE PLAINTIFFS TO THE CONTRARY OF THIS SAME ASSERTIONS, THIS FORECLOSURE  CASE SHOULD BE INSTANTLY HALTED .

It would help these PLAINTIFFS and the court to understand this case better.if the PROOF OF CLAIMS ARE PRODUCED.

PURSUANT TO FEDERAL RULES OF BANKRUPTCY 3001 (D) EVIDENCE OF PERFECTION OF SECURITY INTERESTS ARE REQUIRED BY BANKRUPTCY LAWS.

PLEASE BE INFORMED THAT

DWAYNE  WILLIAM MACK , IS RE-OPENING HIS BANKRUPTCY CASE NUMBER 10-40876, AND HE IS ASSERTING HIS OPPOSITIONS TO YOUR  FORECLOSURE OFENSIVES UNDER THE ABOVE ASSERTED BANKRUPTCY LAW.

WE know we will prevail if this case goes to  goes to Court and a Court trial,

- <u>WITHOUT ANY PROOF OF LEGAL STANDING, ON THE PART OF YOUR GROUP AS DEFEDNATS.</u>.

- <u>ACCORDING TO OUR DUE DILIGENCES SO FAR, NO ANY LEGAL DOCUMENTS,</u>

- <u>SUCH AS ASSIGNMENT OF OWNERSHIP OF THE SUBJECT LOAN EXIST,</u>

- <u>NOR HAVE YOU RECORDED ANY SUCH DOCUMENTS WITH THE GOVERNMENT</u>

<u>AUTHORITIES IN THE CITY AND OR COUNTY OF  THE PROPERTY OR ELSEWHERE. WE THEREFORE REST OUR CASE, FOR IMMEDIATE AND INSTANT SUSPENSIONS OF ALL YOUR PRETENSES AS A LENDER AND ILLEGAL CLAIMS. TO THE SUBJECT LOAN AND THE SUBJECT PROPERTY AS WELL.</u>

- We are willing to negotiate with the real owner of the loan,

- BUT NOT WITH A PRETENDER FRAUDULENT LENDER, LIKE GROUP AS HEREIN PLEADED.

- PNC MORTGAGE, NOR CAL-WESTERN RECONVAYANCE CORPORATION, NOR ANY OF YOUR CO-CONSPIRATORS AND AGENTS do not have a legal standing in this case and we cannot negotiate them. UNTIL YOU PRODUCE YOUR LEGAL PROOF OF CLAIMS, ACCORDING TO THE LAWS OF THE LAND.

Here are the reasons why:

1.  <u>DWAYNE WILLIAM MACK,</u>
applied with Option One Mortgage Corporation, <u>FOR A LOAN</u>

2.  NATIONAL CITY BANK, IN THE YEAR 2007, THERE HAVE BEEN NO DISCLOSED EVIDENCE OF MOVEMENT OF THE LOAN FROM NATIONAL CITY BANK, TO PNC MORTGAGE, AND TO CAL-WESTERN RECONVEYANCE COROPARATION AN TO ANY OF YOUR PRETENDER LENDERS AND OR CLAIMANTS.

WHERE ARE CHAINS OF TITLES ON THE PROMISORY NOTE THAT GIVES ANY OF YOU CLAIMANTS ANY LEGAL STANDINGS OR RIGHTS THAT YOU CLAIM ?

3.  Again we are asserting that; what you doing is not an error but a FRAUD, <u>AND VIOLATIONS OF RESPA AND TILA LAWS AND SEVERAL OTHER LAWS OF THE LAND.</u>

4.   YOUR GROUPS <u>HAVE</u> destroyed  OUR equity in the property.
 YOUR CURRENT FORECLOSURE CONDITIONS MUST BE HALTED IMMEDIATELY.

IN ADDITION TO THE BANKRUPTY LAW DEMAND, WE ARE FILING A CIVIL LAW SUIT FOR THE COURT TO INTERVENE, AND BY TOMORROW SUCH A LAW SUIT WILL ALSO BE SERVED ON YOUR GROUPS.

5.   How did YOUR GROUP come into this picture?  We do not know.
 YOU ARE YET TO PRODUCE AUTHENTIC MATERIAL EVIDENCE, AS DEMANDED OF YOU ON MORE THAN TWO OCCATIONS.

WE CONSIDER YOUR GROUP AS PRETENDER LENDERS AND SO WE HAVE never had any LEGAL relationship with YOUR GROUPS.
THEREFORE ; YOU , do not have a legal standing and if YOU do, THEN show YOUR MATERIAL EVIDENCE NOW..

If you do not have a legal standing in this case, the FORECLOSURE case should be HALTED AND dismissed.

6.
FURTHERMORE, IN LIGHT OF THE FACT THAT FROM THE BEGINNING OF THIS PURPORTED FRAUDULENT LOAN FROM NATIONAL CITY BANK ,
WITH EVIDENCE OF MOVEMENT WITH NO PROOF OF THE CHAINS OF TITLES
YOU MUST SHOW EVIDENCE AS REQUIRED BY LAWS.

WE CONSIDER THAT NON OF THE PURPORTED CLAIMS OF EACH AND ALL YOU CLAIMANTS' CLAIMS TO FORECLOSURE ARE VALID, FOR THE FOLLOWING REASONS.

## TO ALL THE IMMEDIATELY ABOVE IDENTIFIED FRAUDULENT ENTITIES, AS  LISTED HERIN:

# Attentions of
# All Debt Validation Department

**Re:Property Address:**
@
**404 AMBER DRIVE, SUISUN CITY, CALIFORNIA  94585,**

**Loan Number: @ PNC Mortgage :0005375340.**

# Dispute of Debt by
**CASE NAME:**
**DWAYNE W. MACK   AND**
**NATHANIEL BASOLA SOBAYO**

# Whereas, Nathaniel Basola Sobayo, dba: Kingsway Capital Partners, LLC, IN NOW THE LEGAL TITLE OWNER OF THE SUBJECT PROPERTY.
NO SIGLE NOTICE ON THE FORECLOSURE SALE, HAS BEEN SENT TO, HIM THOUGH SERIES OF DISCLOSURES  AND EVIDENCES; HAVE BEEN GIVEN TO YOUR GROUP, AND A REASONABLE SHORT SALE OFFER HAVE BEEN OFFERED AND SENT TO YOUR GROUP, WITHOUT ANY RESPONSE, AT ALL.

DWAYNE WILLIAM MACK,
IS ASSSERTING THE FOLLOWING CLAIMS; THAT ;

Under the Fair Debt Collections Practices Act (15 USC )

DWAYNE WILLIAM MACK,
hereby is disputing the following facts stated in any of the debt servicing transfer notice, if any, the date and and amounts of which DWAYNE WILLIAM MACK,
 can not currently authenticate nor validate, with legal authentications.

1) DWAYNE WILLIAM MACK, is disputing the amounts claimed as owed in their entirety.
Please provide proof of the debt owed and full accounting of how this amount was calculated, as well as all documentations as required in QUALIFIED WRITTEN REQUESTS, AS SENT TO YOUR GROUP IN THIS CASE, AND AS WILL BE FILED IN THE DOCKETS OF THIS SAME CASED IN THE COURTS OF LAWS.

2)   It is our understanding and belief that the debt may have already been paid in full due to the fact that the subject loan has APPARENTLY been securitized when it APPARENTLY got converted into a stock as traded under YET TO BE DISCLOSED TRUST SERIES. The original creditor was paid in full.
Therefore, the debt has been satisfied.

3)   Under the original DEED OF TRUST
     the original lender is NATIONAL CITY BANK, AS Lender, there has been no valid assignment and chain of title from the original lender to  :

     ANY ENTITIES TRUST SERIES;

       NOR TO

     1) PNC MORTGAGE;
        NOR
     2) CAL-WESTERN RECONVEYANCE CORPORATION,
        NOR
     3) TO ANY OTHER CLAIMANTS.

 as recorded in the county recorder's office as required by CALIFORNIA recording laws.
Therefore, WE ARE disputing that ANY TRUST SERIES; is the actual owner of the SUBJECT obligation without further proof.

WE ARE FURTHER demanding that you provide proof of the chain of title from the original lender to ANY OF THE YET TO BE DISCLOSED TRUST SERIES
 through the production of a copy of a CURRENT certified copy of SUBJECT promissory note through named indorsements as governed under UCC Article 3 § 3-205.

**Please be advised that;**

**under the Massachusetts Supreme Court in re:**

# U.S. Bank v. Ibanez

**that a blank assignment is an unacceptable proof of assignment in the event of a foreclosure/Trustee sale.**

# <u>Please provide a written affidavit under penalty of perjury from someone who has first hand knowledge of the facts, that stipulates the following:</u>

   a)   The debt is valid and no discharge has occurred on this debt.
   b)   No tax credit was received for the discharge (if any) of the debt.
   c)   The debt has not been paid in full when the loan was securitized,
       IF SO DONE
   d)   That your company OR GROUPS has authority to collect the debt on behalf of THE PURPORTED AND YET TO BE DISCLOSED TRUST SERIES.

   Please also provide written proof from YOUR GROUPS AND OR THE TRUST SERIES that includes the SUBJECT loan number that gives your company the authority to collect the debt on their behalf.

If you are unwilling or unable to provide proof and validation of the debt as HEREIN WE have requested within 30 days, **then you admit that the loan has been paid in full, and the debt has been discharged and nothing is owed on this loan**.  This letter acts as a self executing confession that you are acting out of good faith and willingly providing false and misrepresentation under 15 USC 1692e.

**In the event of a future litigation, this letter will be used as an admission to the above facts.**

Nathaniel Basola Sobayo.                          8.01.2011.

Dwayne William Mack.                             8.01.2011."

**END OF QUOTATIONS OF DISPUTE PLEADINGS.**

Complaint to set aside Trustee's Sale, and for damages

6.  Plaintiffs are informed and believes and based therein alleges that at all times, each of the defendants, including the DOE defendants 1-50, was and is the agent, employee, employer, joint venturer, representative, alter ego, and/or partner of one or more of the remaining defendants and was, in performing the acts alleged or to be alleged acting within the scope of such a relationship and/or is in some other way responsible for acts of one or more of the defendants.

7.  AT SOME POINT BEFORE THE THIS COMPLAINT, Defendants through their agents AS UNKNOWN AND UNIDENTIFIABLE ILLEGAL TRUSTEE, STARTED ACTING AS the purported substituted trustee under the above referenced Deed of Trust, conducted  AND ILLEGAL trustee's sale, ON TUESDAY AUGUST 2ND 2011. A FORENSIC AUDIT WILL BE CONDUCTED BY PLAINTIFFS, TO ASCERTAIN AND PROVE THE ILLEGALITIES ON THESE  DEFENDANTS BY THESE SAME PLAINTIFFS.

8.  Plaintiffs are informed and they believe and thereon allege that said sale was conducted without proper notice as required by Section 2924 of the Civil Code and 701.50 through 701.545 of the Code of Civil Procedure.

9.  Defendants sold Plaintiffs's property without standing; failed to perform their obligation in a legal way, and breached Plaintiffs's statutorily protected rights resulting in Plaintiffs's loss of his property, his loss of equity, loss of credit and emotional stress.

10.A. Defendants' tortuous conduct has the illegal effects depriving Plaintiffs of their property, the right to the property, loss of equity and caused Plaintiffs distresses, the extent of which are yet to be calculated.

# FIRST CAUSE OF ACTION
# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**10.B.**

**ELEMENTS TO  BE PLEADED**

**Plaintiffs Understand that  the following should be the Elements of an FDCPA Violation (s):**
**That A lawsuit under the FDCPA requires four essential elements:**

**Element # (1)  A consumer—"any natural person obligated or allegedly**
    **obligated to pay any debt"; Plaintiffs In this case are both Consumers,**
        **and so herein plead that they are consumers, according to this { FDCPA }.**

**Element # (2)  A consumer debt—"any obligation...incurred primarily**
            **for personal, family or household purposes"; Plaintiffs plead that the property at issues is for**
                **personal, household, or family use . AND A DEBT IS INVOLVED.**

**Element # (3)  A debt collector—any person or entity using interstate commerce who regularly collects debts;**
            **Plaintiffs plead that all named and unnamed defendants, are as a group of debt collectors**
**and co-conspirators, in this same case.**
 **And**

**Element # (4)  A violation of the ( FDCPA )**

 **PLAINTIFFS, plead that series of violations have been committed by. all named and unnamed defendants, as**
**a group of debt collectors and co-conspirators, in this case.**

PLAINTIFFS ARE PLEADING THAT The FDCPA WAS ENACTED TO Protect and Regulate.

Simply put, the FDCPA protects all consumers.

A business entity or an individual cannot sue for a violation of the act if the debt
was primarily business related. The FDCPA also protects those
persons  SUCH AS THESE PLAINTIFFS, caught in the crossfire of the collection process who do
not owe the debt but are getting harassed anyway, such as PLAINTIFFS' family, friends, associates, and
neighbors.

The FDCPA applies only to third party debt collectors who regularly collect debts owed to another. The
FDCPA does apply to these pretender creditors collecting illegally as they hold themselves out to be debt
collectors.

Lawyers and law firms handling consumer collections are regulated by the act also.

## Strict Liability

Plaintiffs are pleading that , as a result of this strict liability statutory scheme in the FDCPA, the ILLEGAL
collections activities of the defendants and co-conspirators are heavily regulated.
ACCORDINGLY, THESE DEFENDANTS BY THE LETTERS OF THIS LAW ;
 MUST PAY FOR THE DAMAGES AND COSTS THE INCURED BY THEM WHEN THEY
PURPOSEFULLY, KNOWINGLY, AND INTENTIONALLY  violated the FDCPA.

### The civil liability for violating the FDCPA includes:
(1) actual damages;
PLAINTIFFS ARE PLEADING THAT THEY HAVE SUSTAINED ACTUAL DAMAGES AS A DIRECT
AND INDIRECT RESULTS OF ALL ALLEGATIONS CONTAINED THROUGHOUT THIS COMPLAINT.

(2) statutory damages of  up to $1,000 FOR EACH VIOLATION, IS IN ORDER FROM EACH
DEFENDANT ON EACH SEPARATE VIOLATION, SO ALLEGED.

(3) class action damages of $500,000 or 1 percent of net worth; FOR EACH VIOLATION, IS IN ORDER
FROM EACH DEFENDANT ON EACH SEPARATE VIOLATION, SO ALLEGED.
and

(4) reasonable attorney fees. FOR EACH VIOLATION, IS IN ORDER FROM EACH DEFENDANT ON
EACH SEPARATE VIOLATION, SO ALLEGED.

 T her e is no such thing as a "technical" violation under the FDCPA. The  standard is whether the collector is
compliant with the FDCPA. If the collector is found to be noncompliant, the judge or jury may
award actual damages fl owing from the collector's conduct, including emotional distress damages. If the
consumer is unable to prove actual damages, he or she may still be awarded statutory
damages and attorney fees under the lode star method.

As with other consumer laws, the attorney fees and or the costs are often the real hammer
that deters collectors from violating the FDCPA, but these defendants were not deterred.

The FDCPA is the debt collector's rulebook on how it should conduct itself. It applies to all types of
communications with debtors, including written and verbal and whether in person, by telephone, or any other
medium.

**PLAINTIFFS ARE PLEADING THAT;**
  It has been more than 33 years since the original enactment of the Fair Debt Collection Practices Act (FDCPA)

 in 1977 and, arguably, it's still one of the best consumer protection laws ever conceived. The FDCPA was
enacted to protects everyone who owes a consumer debt from harmful, abusive, and deceptive treatment by
debt collectors. Before the enactment of the law, Congress found that consumer collection harassment and
abuses were "abundant."

 In response, the federal consumer law was fashioned by consumer advocates who worked diligently to
maintain its integrity; despite voracious national opposition by the collection and banking industry. President
Jimmy Carter signed the law, which went into effect March 20, 1978.
The act was subsequently amended in 1986, 1996, and 2006.
Unlike most federal statutes, the FDCPA has a congressional preamble or mandate that describes the reasons
for the law's creation and its purpose, namely, to "eliminate abusive debt collection practices" and to protect
those debt collectors refraining from abusive practices from being competitively disadvantaged.

The insightful historical explanation in the preamble is the best evidence of how lawmakers believed it was
necessary to rein in the abuses of a previously unregulated collection industry. Congress concluded that the
collection industry needed regulation and oversight, so they federalized the public's response to consumer
collection harassment.

## Private Cause of Action:

Because the federal government did not have the resources to monitor and regulate the debt collection sector,
it created a private right of action to be enforced by consumer lawyers. The act provided for the payment of
attorney fees and all cost of LITIGATIONS to compensate  LITIGANTS and lawyers who stepped in to make
sure that debt collectors complied with federal law.

## In Jerman v Carlisle, the second United States Supreme Court decision concerning the FDCPA,

the American Collectors Association (ACA) unsuccessfully tried to argue that Congress had spawned
a "cottage industry" for the plaintiffs' bar to seek attorney fees for so-called "technical" violations of the
FDCPA.

 The Jerman majority rejected this notion out of hand.

Despite the public relations spin, what the ACA pejoratively calls a cottage industry disregards the statutory
protections intended to protect consumers from overreaching debt collectors.

It also neglects to mention the act's intended effect of protecting law-abiding debt collectors from being
competitively disadvantaged. To combat a well-informed, well-represented, well-fi nanced,
and highly profi table collection industry, it's necessary to develop the expertise to enforce this important
federal consumer protection law just the way Congress intended.

## Fast Facts

The collection industry generates more consumer complaints than any other business.
It is a violation of the Fair Debt Collection Practices Act for a collector to fail to notify the credit reporting agencies that a debt is disputed by the consumer.

**BUT THESE DEFENDANTS FAILED TO NOTIFY THE CREDIT REPORTING AGENCY THAT THE SUBJECT DEBT IS DISPUTED BY THESE PALINTIFFS, ALTHOUGH A QUALIFIED WRITTEN REQUEST WAS SENT BY THESE PLAINTIFFS.**

Collectors often engage in the abusive tactic of "re-aging" a debt by failing to report the initial date of delinquency or charge-off of the debt, resulting in the debt being included in credit reports long after it has become legally obsolete and therefore no longer reportable.

## § 801. Short Title

This title may be cited as the "Fair Debt Collection Practices Act."

## § 802. Congressional findings and declaration of purpose

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to
the number of personal bankruptcies, to marital instability,
to the loss of jobs, and to invasions of individual privacy.
(b) Existing laws and procedures for redressing these injuries
are inadequate to protect consumers.
(c) Means other than misrepresentation or other abusive debt
collection practices are available for the effective collection of debts.
(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means
and instrumentalities of such commerce. Even where
abusive debt collection practices are purely intrastate in
character, they nevertheless directly affect interstate commerce.
(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## § 803. Definitions

As used in this title—
(1) The term "Commission" means the Federal Trade
Commission.
(2) The term "communication" means the conveying of
information regarding a debt directly or indirectly to
any person through any medium.
(3) The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.
(4) The term "creditor" means any person who offers or
extends credit creating a debt or to whom a debt is
owed, but such term does not include any person to the
extent that he receives an assignment or transfer of a
debt in default solely for the purpose of facilitating collection of such debt for another.

Complaint to set aside Trustee's Sale, and for damages

(5) The term "debt" means any obligation or alleged
obligation of a consumer to pay money arising out of
a transaction in which the money, property, insurance
or services which are the subject of the transaction are
primarily for personal, family, or household purposes,
whether or not such obligation has been reduced to
judgment.
(6) The term "debt collector" means any person who uses
any instrumentality of interstate commerce or the mails
in any business the principal purpose of which is the
collection of any debts, or who regularly collects or
attempts to collect, directly or indirectly, debts owed
or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of
the last sentence of this paragraph, the term includes
any creditor who, in the process of collecting his own
debts, uses any name other than his own which would
indicate that a third person is collecting or attempting to collect such debts. For the purpose of section
808(6), such term also includes any person who uses
any instrumentality of interstate commerce or the mails
in any business the principal purpose of which is the
enforcement of security interests. The term does not
include—
(A) any officer or employee of a creditor while, in
the name of the creditor, collecting debts for such
creditor;
(B) any person while acting as a debt collector for
another person, both of whom are related by common ownership
 or affiliated by corporate control,
if the person acting as a debt collector does so only

§ 803 15 USC 1692a

for persons to whom it is so related or affiliated and
if the principal business of such person is not the
collection of debts;

(C) any officer or employee of the United States or any
State to the extent that collecting or attempting to
collect any debt is in the performance of his official
duties;

(D) any person while serving or attempting to serve
legal process on any other person in connection with
the judicial enforcement of any debt;

(E) any nonprofit organization which, at the request
of consumers, performs bona fide consumer credit
counseling and assists consumers in the liquidation
of their debts by receiving payments from such
consumers and distributing such amounts to creditors;
and

Complaint to set aside Trustee's Sale, and for damages

1    **(F)** any person collecting or attempting to collect any
     debt owed or due or asserted to be owed or due
2    another to the extent such activity
     (i) is incidental to a bona fide fiduciary obligation
3    or a bona fide escrow arrangement;
     (ii) concerns a debt which was originated by such
4    person;
     (iii) concerns a debt which was not in default at the
5    time it was obtained by such person; or
     (iv) concerns a debt obtained by such person as a
6    secured party in a commercial credit transaction involving the creditor.

7    **(7)** The term "location information" means a consumer's
     place of abode and his telephone number at such place,
8    or his place of employment.

9    **(8)** The term "State" means any State, territory, or possession of the United States, the District of Columbia, the
     Commonwealth of Puerto Rico, or any political subdivision of any of the foregoing.

10   **§ 804 15 USC 1692b**

11   ## PLAINTIFFS PLEAD THAT  THE DEFENDANTS ARE IN VIOLATOINS OF
12   ## SECTION § 804. Acquisition of location information
13   ## AND SUCH VIOLATIONS ARE CONTRARY TO THE FOLLOWING
     ## PROVISIONS;
14

15   Any debt collector communicating with any person other
     than the consumer for the purpose of acquiring location information about the consumer shall
16
     **(1)**   Identify himself, state that he is confirming or
17    correcting location information concerning the consumer
                              , and,
18   only if expressly requested, identify his employer;

19   **(2)** not state that such consumer owes any debt;

20   **(3)** not communicate with any such person more than once
     unless requested to do so by such person or unless
21   the debt collector reasonably believes that the earlier
     response of such person is erroneous or incomplete and
22   that such person now has correct or complete location
     information;
23
     **(4)** not communicate by post card;
24
     **(5)** not use any language or symbol on any envelope or
25   in the contents of any communication effected by the
     mails or telegram that indicates that the debt collector
26   is in the debt collection business or that the communication relates to the collection of a debt; and

27

28

Complaint to set aside Trustee's Sale, and for damages

(6) after the debt collector knows the consumer is represented
by an attorney with regard to the subject debt
and has knowledge of, or can readily ascertain, such
attorney's name and address, not communicate with
any person other than that attorney, unless the attorney
fails to respond within a reasonable period of time to
the communication from the debt collector.

## PLAINTIFFS PLEAD THAT THE DEFENDANTS ARE IN VIOLATOINS OF SECTION § 805. Communication in connection with debt collection AND SUCH VIOLATIONS ARE CONTRARY TO THE FOLLOWING PROVISIONS;

**(a)**
COMMUNICATION WITH THE CONSUMER GENERALLY.
Without the prior consent of the consumer given
directly to the debt collector or the express permission of
a court of competent jurisdiction, a debt collector may not
communicate with a consumer in connection with the collection of any debt

(1) at any unusual time or place or a time or place known
or which should be known to be inconvenient to the

{15 USC 1692b ; 15 USC 1692c6 ; § 805 15 USC 1692c}

consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the
convenient time for communicating with a consumer
is after 8 o'clock antimeridian and before 9 o'clock
postmeridian, local time at the consumer's location;

(2) if the debt collector knows the consumer is represented
by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name
and address, unless the attorney fails to respond within
a reasonable period of time to a communication from
the debt collector or unless the attorney consents to
direct communication with the consumer; or

(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's
employer prohibits the consumer from receiving such
communication.

(b) COMMUNICATION WITH THIRD PARTIES. Except as
provided in section 804, without the prior consent of the
consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as
reasonably necessary to effectuate a postjudgment judicial
remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person
other
than a consumer, his attorney, a consumer reporting agency
if otherwise permitted by law, the creditor, the attorney of
the creditor, or the attorney of the debt collector.

**(c) CEASING COMMUNICATION.** If a consumer notifies a
debt collector in writing that the consumer refuses to pay a
debt or that the consumer wishes the debt collector to cease
further communication with the consumer, the debt collector shall not communicate further with the consumer with
respect to such debt, except

(1) to advise the consumer that the debt collector's further
efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily
invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt
collector or creditor intends to invoke a specified remedy.
If such notice from the consumer is made by mail, notification shall be complete upon receipt.

(d) For the purpose of this section, the term "consumer" includes the consumer's spouse, parent (if the consumer is a
minor), guardian, executor, or administrator.

## PLAINTIFFS PLEAD THAT  THE DEFENDANTS ARE IN VIOLATOINS OF SECTION § 806. Harassment and or abuse AND SUCH VIOLATIONS ARE CONTRARY TO THE FOLLOWING PROVISIONS;

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any
person in connection with the collection of a debt. Without
limiting the general application of the foregoing, the following
conduct is a violation of this section:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or
property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer
or reader.

(3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting
agency or to persons meeting the requirements of section, 603(f) or 604(3)1 of this Act.

(4) The advertisement for sale of any debt to coerce payment of the debt.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously
with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the
caller's identity.

Complaint to set aside Trustee's Sale, and for damages

**PLAINTIFFS PLEAD THAT  THE DEFENDANTS ARE IN VIOLATOINS OF SECTION § 807. False or misleading representations**
**AND SUCH VIOLATIONS ARE CONTRARY TO THE FOLLOWING PROVISIONS;**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

(2) The false representation of—

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to—

(A) lose any claim or defense to payment of the debt;
or
(B) become subject to any practice prohibited by this title.

(7) The false representation or implication that the consumer committed any crime or other conduct in order
    to disgrace the consumer.

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Complaint to set aside Trustee's Sale, and for damages

(12) The false representation or implication that accounts have been turned over to innocent purchasers for value.

(13) The false representation or implication that documents are legal process.

(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

(15) The false representation or implication that documents are not legal process forms or do not require action by the consumer.

(16) The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 603(f) of this Act.10

§ 808 15 USC 1692f

## PLAINTIFFS PLEAD THAT THE DEFENDANTS ARE IN VIOLATOINS OF SECTION § 808. Unfair practices
## AND SUCH VIOLATIONS ARE CONTRARY TO THE FOLLOWING PROVISIONS;

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

(3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.

(4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

(5) Causing charges to be made to any person for communications by concealment of the true propose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

(B) there is no present intention to take possession of the property; or

(C) the property is exempt by law from such dispossession or disablement.

(7) Communicating with a consumer regarding a debt by post card.

Complaint to set aside Trustee's Sale, and for damages

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

## PLAINTIFFS PLEAD THAT THE DEFENDANTS ARE IN VIOLATOINS OF SECTION § 809. Validation of debts
## AND SUCH VIOLATIONS ARE CONTRARY TO THE FOLLOWING PROVISIONS;

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986, title V of Gramm-Leach-Bliley Act, or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

## PLAINTIFFS PLEAD THAT  THE DEFENDANTS ARE IN VIOLATOINS OF SECTION § 810. Multiple debts
## AND SUCH VIOLATIONS ARE CONTRARY TO THE FOLLOWING PROVISIONS;

If any consumer owes multiple debts and makes any single payment to any debt collector with respect to such debts, such debt collector may not apply such payment to any debt which is disputed by the consumer and, where applicable, shall apply such payment in accordance with the consumer's directions.

## PLAINTIFFS PLEAD THAT  THE DEFENDANTS ARE IN VIOLATOINS OF SECTION § 811. Legal actions by debt collectors
## AND SUCH VIOLATIONS ARE CONTRARY TO THE FOLLOWING PROVISIONS;

(a) Any debt collector who brings any legal action on a debt against any consumer shall—

(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or

(2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—

(A) in which such consumer signed the contract sued upon; or

(B) in which such consumer resides at the commencement of the action.

(b) Nothing in this title shall be construed to authorize the bringing of legal actions by debt collectors.

## PLAINTIFFS PLEAD THAT  THE DEFENDANTS ARE IN VIOLATOINS OF SECTION § 812. Furnishing certain deceptive forms
## AND SUCH VIOLATIONS ARE CONTRARY TO THE FOLLOWING PROVISIONS;

(a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

(b) Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 813 for failure to comply with a provision of this title.

## PLAINTIFFS PLEAD THAT  THE DEFENDANTS ARE IN VIOLATOINS OF SECTION § 813. Civil liability
## AND SUCH VIOLATIONS ARE CONTRARY TO THE FOLLOWING PROVISIONS;

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;  for each violation, or

(B) in the case of a class action,

(i) such amount for each named plaintiff as could be recovered under subparagraph (A), and
(ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; for each violation and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

(b) In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors

(1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional; or

(2) in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

(c) A debt collector may not be held liable in any action brought under this title if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

(d) An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

(e) No provision of this section imposing any liability shall apply to any act done or omitted in good faith in conformity with any advisory opinion of the Commission, notwithstanding that after such act or omission has occurred, such opinion is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

**Legislative History {FDCPA }**

House Report: No. 95-131 (Comm. on Banking, Finance, and Urban Affairs)
Senate Report: No. 95-382 (Comm. on Banking, Housing and Urban Affairs)
Congressional Record, Vol. 123 (1977)
April 4, House considered and passed H.R. 5294.
Aug. 5, Senate considered and passed amended version of
H.R. 5294.
Sept. 8, House considered and passed Senate version.
Enactment:  Public Law 95-109 (Sept. 20, 1977)
Amendments: Public Law Nos.
99-361 (July 9, 1986)
101-73 (Aug. 9, 1989)
102-242 (Dec. 19, 1991)
102-550 (Oct. 28, 1992)
104-88 (Dec. 29, 1995)
104-208 (Sept. 30, 1996)
109-351 (Oct. 13, 2006)

**SECOND CAUSE OF ACTION** – Lack Standing to effect foreclosure, Violation of California Civil Code Section 1708 and to Set Aside Trustee's Sale.

   10C. PRIOR TO THIS COMPLAINT; Plaintiffs were the legal owners in fee and were in possession and control of the real property, and the improvements thereon, described in paragraph 4 above, said real property being Plaintiffs's principal residence and doubled as INVESMENT PROPERTY.

10. DWAYNE W. MACK ONE OF THE LISTED Plaintiffs have resided continuously in the property since MAY 7TH OF 2005 and obtained title to the real property from THE FORMER OWNER,  pursuant to a Grant Deed recorded on MAY 7TH , 2005, as document No. 2005042977, Madera County Records.   At the time of transfer, Plaintiff, as Trustor, executed a Deed of Trust recorded October 4, 2005, as Document No. 20070052230 BK-PG ET AL  in favor of NATIONAL CITY MORTGAGE.

11. Due to a significant pay-LOSS concession extracted by the employer from Plaintiff DWAYNE W. MACK'S, illness and subsequent deaths of good income of money, and DWAYNE W. MACK'S AS Plaintiff's requirements to defend series of lawsuit; sometime in the past few years of misfortunes, the Plaintiff Dwayne became deficient in his mortgage payments, but ALL ATTEMPTS TO SECURE LOAN MORDIFICATIONS WERE EVADED BY THESE DEFENDANTS, MANY TIMES OVER.

12. .FOR THE PAST FEW YEAR THESE DEFENDANTS AS CO-CONSPIRATORS; covertly browbeat plaintiffs into non-action through delaying tactics, obfuscating documents which did not facilitate the process of loan modification or comply, in any material respects with the spirit and intent of loan modification requirements in Cal. Civil Code 2923.5 et seq.

13. Numerous submittals and correspondence ensued between these DEFENDANTS and Plaintiffs that culminated NOT issuing a loan modification document  AND  NOT ISSUING A SHORT SALE AGREEMENT APPROVAL; that again did not comply with the spirit and intent of loan modification requirements embodied in Cal. Civil Code 2923 and Perata Mortgage Relief Act.

14. In addition, correspondence from  THESE DEFENDANTS stated that they would respond to Plaintiffs's request for a compliant modification within a reasonable amount of days, all to naught.

15. Before the EXPIRY OF THE REASONABLE TIME ON  promises; ONE OR MORE OF THESE DEFENDANTS, acting as purported substituted trustees "BUT ILLEGALLY" under the above referenced Deed of Trust and acting as an Agent of these SAME DEFENDANTS, in violation of statutes illegally and improperly conducted THE SUBJECT ILLEGAL trustee's sale of Plaintiffs's property.

16. ALL THESE DEFEDANTS IN SERIES OF SUPPRESSIVE AND OPPPRESIVE WAYS held themselves out as the mortgage owner, as  or PERHAPS as Trustee for the Structured Asset Corporation Mortgage Loan Trust OF SOME TYPES; instead of Plaintiffs's mortgage owner, NATIONAL CITY MORTGAGE.

17. THESE DEFENDANTS; then using the ILLEGAL AND FRAUDULENT claims, appointed ONE OTHE SAME CO-DEFENDANTS AND CONSPIRATORS as its Successor Trustee overriding, OVERIDING, the actual Trustee of record. The standing of THESE DEFENDANTS needs to be determined by evidence as it relates to title, not just on a statement or collusion with MYSTERIOUS, ILLEGAL AND FRAUDULENT PURPORTED TRUSTEE to devolve Plaintiffs of title.

18. Using alleged claims, THESE PRETENDER AND FRAUDULENT DEFENDANTS AND MYSTEROIUS PRETENDER TRUSTEES colluded and sold Plaintiffs's property without any showing of standing as the real party of interest or appointment as owner of Plaintiffs's mortgage with NATIONAL CITY MORTGAGE.

19. AS OF AUGUST 3RD 2011, COUNTY TITLE RECORDS, NOTES, DOCUMENTS RECORDINGS DOES NOT SHOW THE MOVEMENTS OF TITLE CHAINS AS CLAIMED BY THESE DEFENDANTS AS PRETENDER LENDERS AND PRETENDER TRUSTEES.

AFTER PLAINTIFFS'S FORENSIC AUDITS AND REPORTS, PLAINTIFFS WILL PRESENT AS MATERIAL EVIDENCES, LOAN DOCUMENTS AND RECORDED RECORDS OF THE COUNTY DOCUMENT RECORDERS OFFICES, TO LAY OPEN, THAT  NATIONAL CITY MORTGAGE, IS THE  ONLY ORIGINAL LENDER OF RECORD, WITH LEGAL TRACK RECORDS AS REQUIRED BY LAW.
Plaintiff's Loan document Marked Exhibit 1 evidencing People's choice as the lender and not US Bank.

The standing of DEFENDANTS needs to be determined as  TO WHO IS the lender of record or the party of interest of the mortgage note.

20. The representation of ownership of Plaintiffs's mortgage by these defendants and the representation of their purported TRUSTEE; as the successor trustee at the time of the filing of the Notice of Default or thereabout, and subsequent trustee sale ( sold to a SO CALLED BONAFIED buyer, but DONE FRAUDULENTLY AND ILLEGALLY) on AUGUST 2ND 2011, WHILE A LEGAL OFFER IS STILL IN PLACE, AND WITHOUT ANY NOTICE TO THE OWNER OF THE PROPERTY were indeed false.

DEFENDANTS CLAIMS  to title of Plaintiffs were never determined by evidence nor did NATIONAL CITY MORTGAGE notify Plaintiffs of any assignment to TO THE FRAUDULENT AND PRETENDER LENDERS AND

23.a

# In addition to the fact that these Defendants have no Legal Standing to have illegally violated this same Plaintiffs, Plaintiffs also Dispute the subject Debt

# claimed by these Defendants, for the following reasons:

20.b
Under the Fair Debt Collections Practices Act (15 USC 1692g) Plaintiffs are hereby disputing the following facts stated in the debt servicing transfer notice IF ANY AS CLAIMED BY THESE DEFENDANTS, the date and amounts of which these Plaintiffs, can not currently authenticate nor validate, with legal authentications, UNTIL AFTER THE INTENDED FORENSIC AUDITS AND REPORTS.

1) This Plaintiffs DISPUTED and are still disputing the amounts claimed as owed hitherto in their entirety.
   IN LIGHT OF THESE DISPUTE :
These Plaintiffs herein demand that; these defendants are to provide proof of the debt owed and full accounting of how this amount was calculated, as well as all documentations as required in THE QUALIFIED WRITTEN REQUESTS IN LAW AND DEMANDED MANY TIMES TO NO AVAIL, BEFORE THIS CASE WAS CREATED AND AS REQUIRED IN THIS LAW COURT.
   PURSUANT TO RESPA LAWS IN CALIFORNIA
      AND
      THE FEDERAL TRUTH IN LENDING ACT, TILA.

2) It is the understanding and belief of this PLAINTIFFS; that the debt may have already been paid in full due to the fact that the subject loan has been APPARENTLY securitized, and or in the process of been securitized; when it got converted into a stock as traded , UNDER SUCH PURPOTED PLAN, IF ANY, OR AS ALREADY BEEN TRADED AND OR YET TO BE TRADED. IF SO THESE FACTS MUST NOW BE FULLY DISCLOSED AS TRUST SERIES TO THESE PLAINTIFFS AND TO THE SATISFACTIONS OF THIS COURT OF LAW.

IF THE ORIGINAL LENDER WAS PAID IN FULL, IN THAT CASE
Then the original creditor was paid in full.

Therefore, the debt has been satisfied, before the alleged ILLEGAL FORECLOSURE NOW AT ISSUES.

3) Under the original DEED OF TRUST, the original lender is NATIONAL CITY MORTGAGE, AS Lender, there has been no valid assignment and chain of title from the original lender to:

ANY ENTITY NOR ENTITIES AS TRUST SERIES; AS HITHERTO CLAIMED BY THESE DEFENDANTS,

**NOR TO**

**1) PNC MORTGAGE, A DIVISION OF PNC BANK, N.A.**
  **NOR**
2) BANK OF AMERICA,
NOR
   3)  CAL-WESTERN RECONVEYANCE CORPORATION,

**4) TO ANY CURRENTLY KNOWN AND UNKNOWN OTHER CLAIMANTS.**

As recorded in the county recorder's office as required by CALIFORNIA recording laws.
  Therefore, THESE PLAINTIFFS ARE disputing that ANY TRUST SERIES; IF ANY is or are the
actual owner of the obligation without further proof.

20.c
PLAINTIFFS ARE FURTHER demanding that THESE DEFENDANTS provide proof of the chain of
title from the original lender NATIONAL CITY MORTGAGE, IF ANY, to ANY OF THE YET TO BE
DISCLOSED TRUST SERIES AND OR CLAIMANTS, through the production of a copy of a
CURRENT certified copy of THE SUBJECT PROMISORY NOTE, through named endorsements as
governed under UCC Article 3 § 3-205.

**20.d**

**THESE PLAINTIFFS ARE ASKING THIS COURT TO MAKE A JUDICIAL NOTE
OF THE FOLLOWING CASE LAW; that;**

 **Under the Massachusetts Supreme Court in reference to:**

# <u>U.S. Bank v. Ibanez</u> - that a blank assignment is an unacceptable proof of assignment in the event of a foreclosure/Trustee sale.

# <u>Plaintiffs are therefore further demanding that these Defendants provide a written affidavit under penalty of perjury from someone who has first hand knowledge of the facts</u> that stipulates the following:

a) The debt is valid and no discharge has occurred on the subject debt.

b) No tax credit was received for the discharge (if any) of the debt.

c) The debt has not been paid in full when the loan was securitized, if so
done.

d) That "your company" meaning these DEFENDANTS; has authority to
Collect the debt on behalf of THE PURPORTED AND YET TO BE
DISCLOSED TRUST SERIES AND OR RELATED CLAIMANTS.

20.e

DEFENDANTS MUST also provide written proof from ALL THE
CLAIMANTS AND OR THE TRUST SERIES that includes
THESE PLAINTIFF'S' loan number that gives THESE SAME
DEFENDANTS "your company or companies" the authority to
collect the debt on the behalf of the owner or owners.

**20.f**

If these DEFENDANTS ARE unwilling or unable to provide proof and validation of
the debt as PLAINTIFFS have requested within 30 days OF THE PROCESS
SERVICE OF THIS COMPLAINT, then **you THE SAME DEFENDANTS; admit
that the loan has been paid in full, and the debt has been discharged and
nothing is owed on this loan**. This "SPECIFIC PLEADING AND DEMAND FOR
DISCLOSURE" shall act as a self executing confession that you "THESE
DEFENDANTS" are acting out of good faith and willingly providing false and
misrepresentation under 15 USC 1692e.

**In the event of a future COURT HEARINGS, AND OR FURTHER litigations,
this PLEADING will be used as an admission to the above facts.**

21. Defendants wrongfully acted and continue to act as if they are the owner, beneficiary, lender, or successor of
NATIONAL CITY MORTGAGE. – Plaintiffs's known lender.  Defendants sold Plaintiffs's property to the
detriment of Plaintiffs while Plaintiffs awaited

THE DEFENDANTS, AND OR, the servicing company to review to bring into compliance and completion
PlaintiffS 'annotated executed modification of which is evidenced by the RECORDS OF ALL MORDIFICATIONS
DOCUMENTATIONS AS WELL AS SHORT SALE OFFERS AND DOCUMENTATIONS; THAT HAVE BEEN
EVADED BY THESE DEFENDANTS.

22. ALL THESE DEFENDANTS; need to prove standing as the Mortgage holder of Plaintiffs's loan; and WHO IS
A LEGALLY COMFIRMABLE FORECLOSURE TRUSTEE AND BONAFIED BUYER;  needs to show that
it is indeed the Trustee or Successor trustee at the time of the notice of default and also deriving such power from
Plaintiffs's ORIGINAL Lender – NATIONAL CITY MORTGAGE.

**THIRD CAUSE OF ACTION** – Intentional Misrepresentation, Fraudulent Concealment, and Violation of Foreclosure Trustee's duties obligation – Cal Civil Code 1572, 1709, and 1710.

23. DEFEDANTS held THEMSELVES out as a Successor trustee and acted as such in the foreclosure. NO EVIDENCE EXISTS THAT ANY OF THE DEFENDANTS WAS A LEGALLY SANCTIONED trustee of record when they began foreclosure on Plaintiffs's property. If the substitution of trustee is invalid or void, then everything that happened after that is void. Plaintiffs made series of efforts and telephone calls and exchanged facsimile of documents with various defendants's purported department. In these discussions and exchanges, Defendants told Plaintiffs they would be receiving loan modification papers and or SHORT SALE CONSIDERATIONS AND APPROVAL, which Plaintiffs relied upon, to their APPARENT detriments.

Through a period of frustrating and stressful telephone and written communications lasting more than 8 months, defendants transferred Plaintiffs to numerous departments and exchanged correspondence. Defendants ONLY delivered A FRAUDULENT AND ILLEGAL LOAN FORECLOSURE out of compliance with statutes – INTENTIONS OF modification PRETENDED AND OR presented by defendants turned out to be a sham – the principal went up, the payment went up, and the length of amortization shorter AND CULMINATING IN THE FRAUDULENT AND ILLEGAL FORECLOSURE WITHOUT LEGAL STANDINGS TO DO SO.

Resulting from these dealings, Plaintiffs became extremely stressed and began exhibiting the symptoms of stress – High Blood Pressures are heading upwards, Weight Gains may results, Rashes are appearing, Hair Loss and Back Pain are evolving. Life is hard enough for a homeowners who are having trouble paying the mortgage, to have major PRETENDER loan servicers and or PRETENDER LENDERS like THESE DEFENDANTS piling on illegal and excessive fees or forced policies (there is currently a class action settlement pending for unfair business practice of placing policies on homeowners' property during periods of time when the mortgage lenders already had enough insurance protection –

**PLEASE ; See**
**Wahl v. American Security Insurance Company,**
**Case No. C08-00555-RS**
**United States District Court for the Northern California) is indefensible.**

24. It APPARENT TO THESE PLEASE; THAT
Plaintiffs's loan was issued to nominees or CLAIMANTS who ARE not authorized under law at the time of Plaintiffs's taking of the loan to own a mortgage MERS; all defendants purport to derive their rights to foreclose and sell Plaintiffs's property from an unknown, and unauthorized entity with no ownership right to Plaintiffs's mortgage. Defendants then wrongfully used the purported right or ineffective assignment of the subject mortgage or note to wrongfully act and continue to act as if they are the owner, the beneficiary, successor, assignee, or as having rights, title or interest in Plaintiffs's property thus denying Plaintiffs of property interest by ILLEGALLY foreclosing on the asset that they do not own, BY ANY KNOWN LEGAL MEANS.

**25.** APPARENTLY SOME OF THESE DEFENDANTS AND THEIR OTHER PARTNERS IN CRIMES, IF NOT ALL OF THEM have been known nationwide and have had judgments against THEM for the foregoing improper activities, including massive fraud against other borrowers which had resulted in the devastation of values, and loss of all or substantially all of affected borrowers' net worth

- See
- Aceves v US Bank, NA, 192 Cal.App, 4th 218 (2011) – Cal:Courts of Appeals, 2nd Appellate District;
- US Bank v Ernest Harpster - wherein Judge Lyn Tepper of Pasco County found that an "assignment of mortgage" filed in the case by US Bank was false. **The Judge found the document dated 2007 was actually created in 2008!**

**26.** The fraudulent concealment of the lack of ownership of Plaintiffs's mortgage by defendants was completed, ratified and/or confirmed by each defendant or as a successor-in-interest as performing in sync to benefit from the tortuous acts set forth herein for its own monetary gain as a part of a common plan developed and carried out with the other.

**27.** ALL OF Defendants's claimed that THEY were the lender of record; and one of them CAL-WESTERN RECONVEYANCE CORPORATION claimed it was the trustee of record at the commencement of the foreclosure on Plaintiffs's property when indeed, the actual lender was NATIONAL CITY MORTGAGE and the trustee of record was NATIONAL CITY BANK.. As a result of defendants's actions, Plaintiffs lost thier equity in the SUBJECT home & PROPERTY, credit ratings and history were damaged or destroyed, and Plaintiffs incurred material and other costs and expenses, and suffered emotionally. At the same time, ALL THESE DEFENDANTS took from borrower thousands of dollars in profits by selling Plaintiffs's home, WITHOUT REGARDING TO THE LAWS THE REQUIRED LEGAL NOTICE, AND THIS WAS DONE WHILE, THEY LED PLAINTIFFS TO BELIEVE AND REST ON THE FACTS THAT THEY WERE CONSIDERING A LEGALLY OFFERED PURCHASE CONTRACT, WHICH THE SAME OFFER WAS DONE VIA A PROFESSIONAL REAL ESTATE LISTING AND SALE AGENT IN THE STATE LICENSED BY STATE OF CALIFORNIA.

**28.** Without being the Trustee of Record, THESE DEFENDANTS issued Notices of Default in violation of Cal. Civil Code 2923.5; ALL THESE DEFENDANTS misrepresented its intention to arrange a loan modification AND OR APPROVAL SHORT SALE PURCHASE for Plaintiffs, while in fact creating abusive roadblock to deprive Plaintiffs of their legal rights and property.

## FOURTH Cause of Action – Negligent and Intentional Misrepresentation

**29.** Defendants especially THOSE ACTING IN THE ROLES OF PRETENDER LENDER AND TRUSTEE falsely assured Plaintiffs that they are modifying Plaintiffs's loan or that the ARE APPROVING SHORT SALE PURCHASE to make it affordable for Plaintiffs, but in reality Defendants did not even comply with the simple definition of modification under the Perata Mortgage Relief Bill and Civil Code 2924.

**30.** Defendants APPARENTLY Claimed MERS was the party from whom they derived the right with respect to Plaintiffs's mortgage and title; but MERS is not the owner of the mortgage. MERS, based on its own published reports, including its own website as of the initiation of Foreclosure and Sale of Plaintiffs's property, categorically stated:

1) **It does not take applications for, underwrite or negotiate mortgage loans;**
2) **Does not make or originate mortgage loans to consumers;**
3) **Extend credit to consumers;**
4) **Service Mortgage Loans;**
5) **Invest in mortgage or extend mortgage loans.**

**In spite of MERS declaration, MERS has been, and continues to be used to facilitate the unlawful transfers of mortgages, unlawful pooling of mortgages and listed as beneficial owner of mortgages.**

31. The question here is; who is the real lender, not the "Pretender" lender? Who put up the money and would actually be damaged by an alleged non-payment? Who is the real beneficiary of the promise to pay? IS IT ANY OF THE NAMED OR UNNAMED DEFENDANTS that foreclosed and empowered ONE OR MORE OF THE MEMBER DEFENDANTS AS TRUSTEE, to conduct a sale (Not to A PRETENDER bonafide buyer, but as a FRAUD ) of OF ILLEGALLY STEALING Plaintiffs's property the Real Party of Interest?

32. *Upon completion of sufficient discovery, Plaintiffs will seek leave to amend the complaint to supplement the foregoing allegation with respect to additional violations and additional patterns supporting Plaintiffs's claim including* **DOING THE SAME KINDS OF LEGALLY PERMITTED AMENDMENTS TO THE PLEADINGS OF THE 4TH, 5TH, 6TH, 7TH, AND 8TH, CAUSES OF ACTIONS ; AND FOR ;** *violations of California Business & Professional Codes 17200 et seq, Breach of Contract, Violations of TILA and Real Estate Settlement and Procedure Act ("RESPA") 12 U.S.C. Section 2605(e)(1)(A); Reg. X section 3500.21 (e)(1), Cal Civil Code Section 2924b(g) among others for injunctive relief.*

## Fifth Cause of Action – Unjust Enrichment

33. Defendants improperly assessed late fees, collected monies from Plaintiffs, added interest and penalties which increased principal owed from less AMOUNT TO than $557,000 (excluding regular mortgage payments in arrears) to AMOUNTS OF MONEY THAT WAS NEVER DISCLOSED.. This is a triable fact, which can be supported through evidentiary hearing.

**Sixth Cause of Action –** The covenant of Good Faith and Fair Dealing, Breach of contract.

34. Even if ALL THESE DEFENDANTS WERE indeed the owner of the SUBJECT mortgage incidental to acting as a Trustee for the APPARENT Structured Asset Securities Corporation Mortgage Loan Trust OF A PURPORTED TIME FRAME; and assigned to act on its behalf by NATIONAL CITY MORTGAGE; THESE DEFENDANTS HAVE a duty to act in good faith, deal fairly and act in ways that maximizes the net recovery to all parties concerned. Plaintiffs might have entered into forbearance and modification agreement with defendants, AS THE SAME DEFENDANTS promised these Plaintiffs. BUT WHILE PLAINTIFFS; relied that DEFENDANTS WERE CONSIDERING AND completing a modification AND OR SHORT SALE APPROVAL OFFERS, and will get back to Plaintiffs in due time; but instead sold Plaintiffs's property without notice WHILE PLAINTIFFS WERE AWAITING PROMISED OUTCOME, TO PAY OFF THE LOAN OR LIENS ON THE SUBJECT PROPERTY.

**Seventh Cause of Action –** Violation of Business & Profession Code 17200 et seq

35. Plaintiffs seek relief under Business and Professions Code Section 17500, which makes it unlawful for any person, firm, corporation or association, or any employee thereof to disseminate untrue or misleading proclamation which is known, or which by the exercise of reasonable care should be known to be untrue or misleading - A broader definition in Section 17200 of the Business and Professions Code.

**Eighth Cause of Action –** Failure to comply with the Statutory Provisions of the Perata Mortgage Relief Act and Violations of California Civil Code Section 2923.6

36. California Civil Code 2923.6 went into effect in July 2008; and applies to all residential loans made from January 1, 2003 to December 31, 2007, inclusive, that are secured by residential real property. Section 2923.6 was specifically created to address the foreclosure crisis. As noted in Sections 1 and 10 of the "Legislative Intent" behind the statute, Section 1. The legislatures find and declare the following:
   a. California is facing an unprecedented threat to its state economy and local economies because of skyrocketing residential foreclosure rates in California.....
   b. The act was declared as necessary to avoid unnecessary foreclosure of residential properties, and directed lenders, beneficiaries or authorized agents and specified borrowers to explore options that could avoid foreclosure and by facilitating the modification or restructuring of loans

Section 2923.52 et seq of the California Civil Code provided statutory guidance on modification. Defendants failed in its fiduciary duty by not complying at the minimum in good faith to the statutory guidance on modification. For arguendo, even if Defendants were a bonafide holder of Plaintiffs's mortgage, standing, which is currently yet to be validated by evidence, Defendants's attempts at modification of Plaintiffs's mortgage payments to become even higher than before, per month (INTENDING ABOUT A PROJECTED $600 more than Plaintiffs's original mortgage payments in $s) is woefully inadequate for compliance.

There is a need for Injunctive Relief for violation of 2923.5. Pursuant to California Civil Code 2923.5, the Defendants, and each of them are directed to interact with Plaintiffs in manners set forth in detail under 2923.5 an exception to this rule of law exists only in event the Defendants are unable with due-diligence to contact the property owner – in this case the Plaintiffs. Included in the non-compliance, Defendants caused declarations to be recorded in the public record that were – each of them – false. This violates 2923.5 and other California laws precluding the filing of false statements

**Nineth Cause of Action –** Fraudulent Concealment

37. Defendants had exclusive knowledge not accessible to Plaintiffs of material facts pertaining to subject mortgage activities as it foreclosed on and and now purporting to take possession of Plaintiffs's property and primary

home as AN ILLEGALLY FORECLOSED PROPERTY. The facts included that ALL OF DEFENDANTS ARE not the lender; THE PRETENDER TRUSTEE, CAL-WESTERN RECONVEYANCE CORPORATION is not the trustee of record as of the inception of the foreclosure. Without limiting the damages, Plaintiffs's damages arising from this cause of action included loss of equity in the home, costs and expenses related to seeking redress and protecting Plaintiffs's interests, reduced credit scores, unavailability of credit, increased costs of credit, reduced availability of goods and services tied to credit ratings, increased costs of those services, as well as fees and costs, including, without limitation; attorney fees and other cost such as court filing fees.

## Tenth Cause of Action Quiet Title  General Concepts

The purpose of plaintiff's quiet title action is to establish title against the adverse claims to the subject real property or any interest in the property. [Code Civ. Proc. §760.020] The remedy of quiet title can be combined with other causes of action or other remedies. In an action or proceeding in which establishing or quieting title to property is in issue, the court may, in its discretion and on the motion of any party, require that the issue be resolved pursuant to the Code Civ. Proc. provisions relating to quiet title actions. [Code Civ. Proc. §760.030]

### Jurisdiction/Venue

A quiet title action must be brought in the court of Jurisdiction of the county in which the real property is located. Once the action is before the court, the court has complete power to determine title issues. [Code Civ. Proc. §§760.040, 760.050]

### PLAINTIFFS' are Pleading

That this complaint to quiet title is verified and contain all of the following information [Code Civ. Proc. §761.020]:

1. a description of the property that is the subject of the action and include both the legal description and the street address or common designation, if any.

2. the title of the plaintiff as to which a determination of quiet title is sought. Are the plaintiffs of this action

   That this complaint is based on adverse possession, the complaint as alleged in the specific facts constituting the adverse possession in this case.

3. The adverse claims to plaintiff's title, has been plead in this as the ILLEGAL FORECLOSURE AND TRANSFER OF SUBJECT PROPERTY.

4. The determination is sought as of the date the complaint is filed, the complaint include a statement of the reasons why a determination as of that date is sought, as pleaded by plaintiffs.

Complaint to set aside Trustee's Sale, and for damages

5. A prayer for the determination of plaintiffs's title against the adverse claims are the following:

The plaintiffs have listed defendants and all persons known or unknown claiming an interest in the property. [Code Civ. Proc. §§762.010, 762.020] Any person who claims an interest in the property can join in the action, whether or not named as a defendant. [Code Civ. Proc. §762.050]

**Notice Of Pending Action (Lis Pendens)**

A notice of pendency of action is required in any quiet title action.
 [Code Civ. Proc. §761.010]

THIS NOTICE WILL BE FILED AS SOON AS FEASIBLE BY THESE, PLAINTIFFS.

A "notice of pendency of action" or "notice" is a notice of the pendency of an action in which a real property claim is alleged. [Code Civ. Proc. §405.2] Formerly known as a "lis pendens", a notice of pendency of action provides constructive notice to purchasers or encumbrancers of real property of any pending actions affecting title to or possession of the real property and enables those parties to find notice of pending litigation in the recorder's office in which the real property is located. It furnishes the most certain means of notifying all persons of the pendency of the action and to warn them against any attempt to acquire a legal or equitable interest in the real property.

**Proof Requirements**

Plaintiff seeking to quiet title against a persons and or defendants known and unknown with legal title to the subject property as they have the burden of proving title by clear and convincing proof, rather than by the preponderance of evidence usually used in civil cases. [Evid. Code §662] Evidence Code §662 which does not apply when legal title itself is disputed. In that case, factual issues are determined by the preponderance of the evidence standard of proof.

**Trial**

PLAINTIFFS' action to quiet title is an equitable action; because Quiet title is generally an equitable claim, and equitable defenses may be asserted against it. However, the plaintiffs are not yet out of possession and seeks to recover possession by a quiet title action, this action is legal. [Medeiros v. Medeiros (1960, 3rd Dist) 177 Cal App 2d 69, 1 Cal Rptr 696]

Complaint to set aside Trustee's Sale, and for damages

**Judgment**

Plaintiffs seek A judgment in this action to quiet title as a binding and conclusive on all persons known or unknown who were parties to the litigation and who have a claim to the property. [Code Civ. Proc. §764.030]

**Prayer For Relief:**

Wherefore, Plaintiffs pray for judgment against defendants and each of them as follows:

38. Declaration of the FORECLOSURE Sale Void
39. General, Special and Exemplary damages
40. Statutory relief according to proof under Perata Act
41. Restitution
42. Temporary, preliminary and permanent injunctive relief
43. On all causes of action, for costs of suit
44. On all causes of action for pre and post judgment interests
45. On all causes of action, for such other and further relief as this court may deem just and proper.
46. Judgement for QUIET TITLE IS NEEDED BY PLAINTIFFS.

Respectfully Submitted by us:

DWAYNE WILLIAM MACK
IN PRO SE,

DATE: 11-2-2011.

NATHANIEL BASOLA SOBAYO
DIONG BUSINESS AS
KINGSWAY CAPITAL PARTNERS,
IN PRO SE,

DATE: 11-2-2011.