Charles B. Wood III, SBN 163146
**MATTICE LAW OFFICES**
547 Jefferson Street, Suite A
Fairfield, California 94533
(707) 429-2222

Attorney for Plaintiff,
POLYMATHIC PROPERTIES, INC.,
BLUE MOUNTAIN HOMES, LLC, WILL LUJAN,
CHARLES B. WOOD III, MATTICE LAW OFFICES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE WILLIAM MACK, NATHANIEL BASOLA SOBAYO, DBA KINGSWAY CAPITAL PARTNERS,<br><br>Plaintiffs,<br><br>v.<br><br>PNC MORTGAGE, A DIVISION OF PNC BANK, NATIONAL CITY MORTGAGE, A DIVISION OF NATIONAL CITY BANK, BANK OF AMERICA, N.A., BLUE MOUNTAIN HOMES, LLC, WILL LUJAN, AS AGENT FOR A PURPORTED OWNER. CAL-WESTERN RECONVEYANCE CORPORATION, POLYMATHIC PROPERTIES, INC; CHARLES B. WOOD III, SBN 163146, ATTORNEY AT LAW; MATTICE LAW OFFICES AND DOES 1-50, INCLUSIVE,<br><br>Defendants. | NO. C11-03850<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:      January 5, 2012<br>Time:     2:00 p.m.<br>Dept.:    2<br>Judge:    Hon. Claudia Wilken |

**TO ALL PARTIES IN THIS ACTION AND THEIR ATTORNEYS OF RECORD:**

Notice is hereby given that on January 5, 2011 at 2:00 p.m. or as soon thereafter as this matter may be heard, in Courtroom 2 of the above-entitled Court, located at the United States District Court - Northern District of California, Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, CA 94612, Defendants Blue Mountain Homes LLC, Polymathic Properties, Will Lujan, Charles B. Wood III, and Mattice Law Offices (hereinafter collectively referred to

as "Moving Defendants") will move the Court for an Order dismissing this case.   This motion is based on this Notice, the Memorandum of Points and Authorities, matters Judicially Noticed, including pursuant to Moving Defendants' request, the allegations in plaintiff's complaint, and any arguments as may be made at the hearing.

Moving Defendants seek dismissal on the following grounds:

1.	Failure to properly state a claim upon which relief may be granted against Moving Defendants, pursuant to Federal Rules of Civil Procedure 8 and 12(b)6 .

2.	The vague causes of actions alleged against moving defendants fail for lack of particularity pursuant to Federal Rule of Civil Procedure 9(b).

3.	Lack of a federal question and therefore lack of subject matter jurisdiction of the federal court pursuant to Federal Rules of Civil Procedure 12(b)1.

## POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants Blue Mountain Homes LLC,  Polymathic Properties, Will Lujan, Charles B. Wood III, and  Mattice Law Offices ("Moving Defendants")  file this motion to dismiss for failure to state a claim upon which relief can be granted, and in the alternative, for lack of Federal Jurisdiction.

Defendant, Polymathic Properties purchased Plaintiff Dwayne Mack's former home, 404 Amber Drive, Suisun City, (hereinafter sometimes referred to as "404 Amber Drive" or "Subject Property") at a Trustee sale on August 2, 2011. The trustee deed was recorded August 18, 2011. (See Request for Judicial Notice 1, Trustee's deed). On August 25, 2011, Polymathic Properties filed an Unlawful Detainer action in the Superior Court of California, County of Solano.  On September 23, 2011, Plaintiff Dwayne Mack filed a Notice of Removal of Case to United States Federal Court, Eastern District, removing the Unlawful Detainer Action to the Eastern District of California  Federal Court (Case number 2:11-CV-02513).  (See Request for Judicial Notice 2, Pleadings in Federal Eastern District case.) The Unlawful Detainer action removed to the Eastern District, remains pending in the Eastern District, and Mack continues to posses Polymathic's real property at 404 Amber Drive.

This Northern District action began on August 5, 2011. Plaintiffs Dwayne Mack and Nathaniel Sobayo filed a Complaint entitled "Complaint to Set Aside Trustee Sale" naming: PNC Mortgage, a Division of PNC Bank, National City Mortgage, a Division of National City Bank, Bank of America, N.A., Blue Mountain Homes, LLC, Will Lujan, as Agent for a Purported Owner, and Cal-Western, Reconveyance Corporation. On November 2, 2011, Plaintiffs filed an Amended Complaint entitled *Complaint to set Aside Trustee's sale and for Damages Pursuant to Federal Fair Debt Collections Practices Act FDCPS 15 U.S.C #1692 et seq, and Judgment for Quiet Title Claims*, again naming PNC Mortgage, a Division of PNC Bank, National City Mortgage, a Division of National City Bank, Bank of America, N.A., Blue Mountain Homes, LLC, Will Lujan, as Agent for a Purported Owner, Cal-Western, Reconveyance Corporation, and adding: Polymathic Properties, Inc, Charles B. Wood III, SBN 163146 Attorney at Law, and Mattice Law Offices as defendants.

Defendant, Blue Mountain Homes, LLC, is a managing agent for Polymathic Properties, and Will Lujan is an employee of Blue Mountain Homes LLC. Charles B. Wood III of Mattice Law Offices is the attorney for Polymathic Properties, Inc., who filed the Unlawful Detainer action against Dwayne Mack in the Superior Court for the State of California on August 25, 2011. (See Request for Judicial Notice 3 Unlawful Detainer Complaint). Plaintiff, Nathaniel Sobayo filed a Prejudgment Claim of Right to Possession, essentially adding himself as a defendant, in the Unlawful Detainer Action.

In the Amended Complaint, Plaintiffs' claim loss of 404 Amber Way, Suisun City, despite the fact that Plaintiff Mack surrendered said property to the lender in Bankruptcy in his Chapter 13 plan. Plaintiff Mack filed the plan on August 13, 2010, and the Bankruptcy Court approved it on September 23, 2010. (See Request for Judicial Notice 4, Chapter 13 Plan and Order Confirming Plan.)

## II. ALLEGATION IN PLAINTIFFS' AMENDED COMPLAINT

Plaintiffs allege improprieties regarding their mortgage loan, including the loss of the property 404 Amber Way Suisun stating:

5.    Plaintiff DWAYNE W. MACK, took a loan from NATIONAL CITY MORTGAGE, ON MAY 5, 2005, AND AND [sic] TRANSFER OWNERSHIP TO KINGSWAY CAPITAL PARTNERS, LLC, AS RECORDED ON APRIL 15, 2011; IN THE COUNTY OF SOLANO. PROPERTY WAS LISTED AND A SALE OFFER OF $205,000.00 WAS OFFERED, BUT THE SAME OFFER WAS ILLEGALLY EVADED AND ILLEGALLY SOLD THE SAME SUBJECT PROPERTY TO ONE OF THE SAME CO-CONSPIRATORS AND CO-DEFENDANTS

ON MORE THAN THREE SEPARATE OCCASIONS, PLAINTIFFS SENT TO THESE DEFENDANTS QUALIFIED WRITTEN REQUESTS, PURSUANT {FDCPA} AND THE "TILA" TRUTHS IN LENDING ACT OF THE FEDERAL LAWS, AND THE COUNTERPART CALIFORNIA LAW "RESPA: REAL ESTATE SETTLEMENT PROCEDURE ACT, AND OTHER LAWS ALL TO NO AVAIL. SIMILARLY;
ON AUGUST 1ST, 2011 A DISPUTE PLEADING WAS SENT TO THESE PLAINTIFFS, ALL TO NO AVAIL. (Amended Complaint pg. 2, ln. 15-22)

Without alleging any specific act or omissions by Moving Defendants, plaintiffs also allege unspecified "MISREPRESENTATIONS OF IN THE FORECLOSURE SALE DATE AND PROCESS; REGARDING THE SUBJECT REAL ESTATE PROPERTY @ 404 AMBER DRIVE, SUISUN CITY, CA 94585." (Amended Complaint pg. 3, ln. 12-16)

Plaintiffs also allege unspecified irregularities regarding Dwayne Mack's Bankruptcy, despite the fact that Mack surrendered said property to the lender his Chapter 13 plan, filed on August 13, 2010 and approved by the Court on September 23, 2010. (See Amended Complaint pg. 3, ln. 22-26)

Plaintiffs' amended complaint apparently disputes, without specifics, foreclosing lenders' "standing". (See Amended Complaint pg. 4, ln. 1-27; pg. 5, ln. 2-10)

Plaintiffs' First Cause of Action: Fair Debt Collection Practices Act does not appear to involve these Moving Defendants (except for the unsupported and vague allegation that "all named and unnamed defendants, are as a group of debt collectors." See Amended Complaint pg. 8, ln. 20 -22).

Plaintiff Sobayo alleges he was not noticed of the foreclosure sale, without alleging the basis for entitlement to notice, and alleges that the foreclosing lender failed to respond to or approve short sale offers. (See Amended Complaint pg. 5, ln. 25-28)

Plaintiffs apparently recite provisions of the Fair Debt Collection Practices Act; however,

1  do not specify any action by any of the Moving Defendants, merely generally alleging violation
2  by "defendants." (See Amended Complaint pg. 8, ln. 11 - pg. 21, ln. 9)

3      Plaintiffs, without factual support, question the validity of the Trustee sale, alleging the
4  property was "sold to a SO CALLED BONAFIED [sic] buyer, but DONE FRAUDULENTLY AND
5  ILLEGALLY) on AUGUST 2nd 2011, WHILE A LEGAL OFFER IS STILL IN PLACE, AND
6  WITHOUT ANY NOTICE TO THE OWNER OF THE PROPERTY were indeed false."
7  (See Amended Complaint pg. 22, ln.18-21)

8      Plaintiffs' actual grievances appear to be that the foreclosing lender is not the same
9  entity that originated the loan, and the lender declined to modify the loan. Plaintiffs question
10 the authorization of the trustee and allege that the trustee sale occurred while a short sale offer
11 was pending. (See Amended Complaint pg. 22, ln. 22 - pg. 25, ln 24)

12     Plaintiffs question the power or capacity of the trustee to perform a trustee sale, and the
13 propriety of the trustee sale without alleging any specific facts in support of these alleged
14 improprieties, except implying, without support, that the lender should have modified Mr.
15 Mack's loan or approved a short sale rather than foreclosing.  Plaintiffs mention various cases,
16 statutes, statutory schemes, and legal principals, but decline to set forth facts amounting to
17 violation of any law or other substantive rights by Moving Defendants. (See Amended
18 Complaint pg. 25, ln. 26 - pg. 30, ln. 4)

19     In their Tenth Cause of Action, Plaintiffs claim Quiet Title, due to "ILLEGAL
20 FORECLOSURE AND TRANSFER OF SUBJECT PROPERTY" again without any specifics as
21 to illegality or why title should be quieted in their name. (See Amended Complaint pg. 30, ln. 5
22 - pg. 31, ln. 5)

23     Plaintiffs, however, admit the subject loan was not paid as required, stating that Plaintiff
24 Mack:

25     became deficient in his in his mortgage payment, but ALL ATTEMPTS TO
    SECURE LOAN MORDIFICATION [sic, apparently modifications] WERE
26     EVADED BY THESE DEFENDANTS MANY TIMES OVER.

27     12. FOR THE PAST FEW YEARS THESE DEFENDANTS AS CO-
    CONSPIRATOR; covertly browbeat plaintiffs into non-action through delaying
28     tactics, obfuscating documents which did not facilitate the process of loan

MEMORANDUM OF POINTS AND AUTHORITIES    5

> modification or comply, in any material respects with the spirit and intent of loan modification requirement in Ca, Civil Code 2923.5 et seq.
>
> 13. Numerous submittals and correspondences ensued between the DEFENDANTS and Plaintiffs that culminated NOT issuing a loan modification document AND NOT ISSUING A SHORT SALE AGREEMENT APPROVAL; that again did not comply with the spirit and intent of loan modification requirements embodied in Ca. Civil Code 2923 and Perata Mortgage Relief Act.
>
> 14. In addition, correspondence from THESE DEFENDANTS stated that they would respond to Plaintiffs's [sic] request for a compliant modification with a reasonable amount of days, all to naught."
> (Amended Complaint pg. 21, ln. 18-27)

Plaintiffs never allege "catching up" or otherwise even substantial compliance with the loan requirements, nor do Plaintiffs allege any basis for their apparent contention they were entitled to a loan modification or an agreement to a short sale.

Plaintiffs have not alleged that any of Moving Defendants have violated any of their substantive rights, merely attacking the foreclosure action on procedural or technical grounds, while retaining Moving Defendant Polymathic Property's house without paying any of the real property's substantial carrying costs since August 2, 2011. Although Plaintiffs refer to wrongful foreclosure, Plaintiffs consistently fail to allege specific action or violations of any substantive rights. In short, Plaintiffs fail to allege any facts or other actions of moving Defendants which could be the basis for the grant of relief.

### III. PLAINTIFFS FAIL TO PROPERLY ALLEGE ANY CLAIM
### AGAINST MOVING DEFENDANTS

Federal Rule 12(b)(6) permits a defendant to seek dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss, the Court may consider facts alleged in the complaint or judicially noticed. The Court must accept as true all material factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1229 (9th Cir. 2004). The Court need not accept as true mere conclusory statements or legal conclusions. The Court, based on judicial experience and common-sense, must determine whether a complaint plausibly states a claim for relief. *Ashcroft v. Iqbal*,129 S. Ct. 1937, 1949-1950. (2009)

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give fair notice of the claim being asserted and the grounds upon which it rests. Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones v. Community Redev. Agency,* 733 F.2d 646, 649 (9th Cir. 1984). A complaint does not suffice if it tenders naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, (2009).

Plaintiffs fail to allege any facts supporting a claim against any of Moving Defendants. Plaintiffs' complaint fails to satisfy Federal Rule of Civil Procedure 8, which requires a plaintiff to plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case. *Bautista v. Los Angeles County,* 216 F.3d 837, 840 (9th Cir. 2000).

Moving Defendants established by Judicial Notice that Polymathic Properties purchased the 404 Amber Drive at a trustee sale. The other Moving Defendants are associated with Polymathic Properties. There are no allegations of fact supporting a claim for relief against any of the Moving Defendants, except possibly those surrounding the trustee sale. Plaintiffs simply do not give Moving Defendants any notice of the claims against them. Plaintiffs' vague insinuations of Moving Defendants' fraud or other improprieties surrounding the trustee sale cannot state a claim.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The Court in passing on a Motion to Dismiss must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiffs' claims. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). The test has additionally been articulated as: Do the facts as alleged support any valid claim entitling the plaintiff to relief, regardless of whether plaintiff erroneously used the wrong

legal theory. *Haddock v. Board of Dental Examiners of California*, 777 F.2d 462, 464 (9th Cir. 1985)

A defaulted borrower is additionally required to allege tender of the amount of the lender's secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure, or his claim will fail. *Abdallah v. United Sav. Bank*, (1996) 43 Cal.App.4th 1101, 1109. A party may not, without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale. *Sipe v. McKenna*, (1948) 88 Cal.App.2d 1001, 1006.

Plaintiffs make no allegations of acts by Moving Defendants which support any claim against them. Additionally, Plaintiffs fail to allege tender or cure of any defaults. Plaintiffs admit default on the subject loan, negating any vague claims of wrongful foreclosure, especially against Moving Defendants who had noting to do with the debt until it was extinguished at the trustee sale.

## IV. THE VAGUE CAUSES OF ACTION ALLEGED AGAINST MOVING DEFENDANTS FAIL FOR LACK OF PARTICULARITY

Even if Plaintiffs' complaint does minimally comply with Federal Rule 8 with regard to identifying the trustee sale at which Polymathic Properties purchased the real property (from which any liability of any of the other Moving Defendants would flow), Federal Rule of Civil Procedure 9(b) requires a plaintiff to plead fraud with particularity: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  FRCP 9(b)

Allegations of a fraudulent course of conduct, regardless of the "name" attached to the cause of action are sounding in, or are "grounded" in, fraud.  Allegations of improprieties by a buyer at a foreclosure sale are therefore claims sounding in fraud. See *VP Racing Fuels, Inc. v General Petroleum Corp.* 673 F Supp 2d 1073, 1097 (2009, ED Cal).

Plaintiffs' allegations regarding the trustee sale are of : "MISREPRESENTATIONS OF IN THE FORECLOSURE SALE DATE AND PROCESS". The Subject Property was "sold to a

SO CALLED BONAFIED [sic] buyer, but DONE FRAUDULENTLY AND ILLEGALLY) on AUGUST 2nd 2011",  and finally accuse all defendants of "ILLEGAL FORECLOSURE AND TRANSFER OF SUBJECT PROPERTY", all essentially alleging fraud surrounding the trustee sale with no specificity or particularity.

The "fraudulent course of conduct" concept is illustrated by *VP Racing Fuels, Inc. v General Petroleum Corp*. Supra.  A racing fuel seller's Cal. Bus. & Prof. Code §§ 17200 and 17500 claims against distributor were subject to requirements of Fed. R. Civ. P. 9(b) where seller alleged that distributor had knowingly misrepresented the octane levels of gasoline that it distributed.  The Court reasoned that the allegations amounted to a fraudulent course of conduct, and thus, claims were grounded in fraud and had to be pled with particularity. *VP Racing Fuels, Inc. v General Petroleum Corp*. 673 F Supp 2d 1073, 1097 (2009, ED Cal).

As in *VP Fuels,* Plaintiffs make vague unspecified allegations of fraud surrounding the foreclosure sale.  These uncertain allegations do not comply with Federal Rule 9(b), and therefor are insufficient to sustain a cause of action.   The action should therefore be dismissed.

## V. DISMISSAL IS PROPER DUE TO LACK OF A FEDERAL QUESTION

A party may request dismissal for lack of Federal Question Jurisdiction in a motion. FRCP 12(b)1.  Plaintiffs filed this matter in Federal Court based on the erroneous allegation that this matter presents a federal question.  Trustee sales occur in California pursuant to an exclusively State Law statutory scheme.  (See Cal. Civ. Code § 2924 et seq*., Moeller v. Lien (1994) Cal.App.4th 822, 834).*  The trustee sale as evidenced by the Trustee's deed was based wholly on California Law. There is therefore no federal question alleged or referred to in Plaintiffs' complaint which would give the District Court subject matter jurisdiction, with regard to the only claim Plaintiffs might have against Moving Defendants.

Although Plaintiffs allege a claim pursuant to Federal Fair Debt Collections Practices Act, Moving Defendants are clearly not involved in any debt.  Moving Defendants only became involved upon extinguishment of the debt at the foreclosure sale.

Although Plaintiffs may point to the case pending in the Eastern District, Plaintiffs appear

to have filed actions in the Federal Court purely to delay vacating the home lost to foreclosure, using the Federal Court to circumvent the shortened Unlawful Detainer time-frames. The Eastern District matter similarly lacks Federal Question Jurisdiction. Plaintiffs should not be rewarded for abuse of the federal removal process. (See *Circle Industries USA, Inc. v. Parke Const. Group, Inc* (2nd Cir. 1999) 183 F3d 105 109.) .

In assessing a Federal Court's ancillary Jurisdiction over claims related to any Federal Debt Collections Practices Act claim against the other defendants, the proper inquiry is whether "the claims arise out of the subject matter of the original action and involve the same persons and issues or if they arise out of the same transaction or occurrence." *United States v. Pioneer Lumber Treating Co.*, 496 F. Supp. 199 , 202 (citing *United States ex rel. Payne v. United Pac. Ins. Co.*, 472 F.2d 792, 794  (9th Cir.), cert. denied, 411 U.S. 982, 93 S. Ct. 2273, 36 L. Ed. 2d 958 (1973) internal references omitted.

Any Federal Debt Collections Practices Act violation by other Defendants would not involve Moving Defendants. Moving Defendants had no involvement with Plaintiffs until the debt was extinguished at the trustee sale.

## V. CONCLUSION

Moving Defendants contend that Plaintiffs filed this action (as well ast the Notice of Removal on the day of trial in the Superior Court) purely to delay the inevitable: Plaintiffs being evicted after foreclosure. Plaintiffs fail to allege specific facts implicating Moving Defendants, upon which relief may be granted. Plaintiffs fail to specifically identify any facts behind their vague allegations of fraud surrounding the trustee sale. Lastly, Plaintiffs fail to identify a federal question.

Dated: November 30, 2011                              Respectfully submitted,

                                                                            MATTICE LAW OFFICES

                                                                             /s/
                                                                            _____
                                                                            CHARLES B. WOOD III
                                                                            Attorney for POLYMATHIC PROPERTIES, INC., BLUE MOUNTAIN HOMES, LLC, WILL LUJAN, CHARLES B. WOOD III, MATTICE LAW OFFICES