IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE WILLIAM MACK, doing business as Kingsway Capital Partners; NATHANIEL BASOLA SOBAYO, doing business as Kingsway Capital Partners,<br><br>    Plaintiffs,<br><br>  v.<br><br>PNC BANK; NATIONAL CITY MORTGAGE, a division of National City Bank; BANK OF AMERICA, N.A.; BLUE MOUNTAIN HOMES, LLC; WILL LUJAN, as agent for a purported owner; CAL-WESTERN RECONVEYANCE CORPORATION; POLYMATHIC PROPERTIES, INC.; CHARLES B. WOOD III, SBN 163146, attorney at law; MATTIC LAW OFFICES; and DOES 1 THROUGH 50, inclusive,<br><br>    Defendants.<br>_____/ | No. C 11-3850 CW<br><br>ORDER DENYING PLAINTIFF SOBAYO'S MOTION TO PAY FILING FEE IN INSTALLMENTS AND DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND |

    Pro se Plaintiffs Dwayne William Mack and Nathaniel Basola Sobayo filed this action on August 5, 2011. They both filed motions to proceed in forma pauperis (IFP). On October 20, 2011, the Court issued an Order Denying Without Prejudice Plaintiff Sobayo's Application to Proceed IFP, Granting Plaintiff Mack's Application and Dismissing Complaint Without Prejudice to refiling an amended complaint. The Court explained that Plaintiff Sobayo's IFP application was incomplete and granted him leave to supplement

it. On November 2, 2011, Plaintiffs filed an amended complaint and Plaintiff Sobayo filed a motion to pay the filing fee in seven installments.

In support of his motion, Plaintiff Sobayo merely states that he "is currently insolvent as a result of the current economic conditions in this country." The Court granted Plaintiff Sobayo leave to file a supplemental IFP application to explain his financial situation. If he is insolvent, a completed IFP application would document this. However, because he chose not to complete an IFP application and does not submit evidence in support of his statement that he is insolvent, the Court denies his motion to pay the filing fee in seven installments. However, the issue may be moot because the Court dismisses the case.

The Court's October 20, 2011 Order explained that, because Plaintiffs alleged only state law claims, there was no federal jurisdiction, but noted that Plaintiffs appeared to allege a cause of action under the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* The Court granted leave to amend to state such a claim, if Plaintiffs could truthfully do so. In their amended complaint, Plaintiffs attempt to allege a claim based on a violation of the FDCPA. However, they only list the provisions of the statute; they do not allege facts to show how each Defendant sued under this statute engaged in conduct that violated the statute.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient

2

to state a claim.  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009).

## CONCLUSION

Plaintiffs' first amended complaint is dismissed without leave to amend.  The state law claims are dismissed without prejudice to refiling in state court.

IT IS SO ORDERED.

Dated: 12/1/2011

CLAUDIA WILKEN
United States District Judge

3